U.S. Bankruptcy Court
District of Idaho
Filed: August 19, 2004
At: 2:00 p.m.
By: Sylvia Wirth

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

**In Re:**

KEVIN McCAIN and
NIKKI McCAIN,

Debtors.

**Bankruptcy Case
No. 03-04624**

## MEMORANDUM OF DECISION

**Appearances:**

Kelly I. Beeman, Boise, Idaho, Attorney for Debtors.

Chapter 7 Debtors Kevin and Nikki McCain filed five motions to recover monetary sanctions from five of their creditors under 11 U.S.C. § 362(h), alleging that the creditors violated the automatic stay in effect in their bankruptcy case. The Court conducted a hearing concerning Debtors' motions on August 3, 2004; the only party appearing was Debtors' attorney. At the conclusion of the hearing, the Court took the motions under advisement. The

MEMORANDUM OF DECISION - 1

AO 72A
(Rev. 8/82)

Court's findings of fact and conclusions of law follow. *See* Fed. R. Bankr. P. 7052; 9014.

## Facts

The facts are limited to those appearing in the Court's file.

Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on December 23, 2003. Debtors' Schedule F lists debts owing to NCO Financial Systems ("NCO"), OSI Collection Services, Inc. ("OSI"), and United Parcel Service ("UPS"). Docket No. 1. The list of creditors, or "mailing matrix," that Debtors filed with their petition, *see* Fed. R. Bankr. P. 1007, named these same creditors, and they were mailed a copy of the notice commencing the bankruptcy case by the Bankruptcy Noticing Center. *See* Docket Entry of Jan. 6, 2004. These three creditors were also provided notice of Debtors' discharge, entered on March 29, 2004. Docket No. 6.

On March 1, 2004, NCO sent Mr. McCain a letter requesting payment of his account. Docket No. 28. NCO was attempting to collect this debt on behalf of AT&T. As far as the Court can tell from this limited record, AT&T was not listed as a creditor in this case, nor is there any other evidence that AT&T received notice of Debtors' bankruptcy filing.

MEMORANDUM OF DECISION - 2

AO 72A
(Rev. 8/82)

On June 5, 2004, Allied Interstate sent Mr. McCain a demand letter on behalf of UPS, for the purpose of collecting the debt owed to UPS. Docket No. 28.

On June 8, 2004, Todd Haines, an attorney from California, sent Mr. McCain a letter in an attempt to collect a debt owed to Federal Express. Docket No. 28. At the hearing, Debtors' counsel represented to the Court that Federal Express originally engaged OSI to collect its account with Debtors. In April 2004, after Debtors received their discharge, OSI ceased collection efforts and "closed the account." Apparently Federal Express resumed collection efforts and retained Mr. Haines to aid in that process.

Debtors have filed motions for sanctions against both NCO and AT&T for the collection letter sent by NCO, Docket No. 16 (NCO) and Docket No. 10 (AT&T); they have filed a motion for sanctions against UPS for the collection letter sent by Allied Interstate, Docket No. 13;[1] and they have filed motions for sanctions against both Mr. Haines and Federal Express for the collection letter sent by Mr. Haines, Docket No. 22 (Mr. Haines) and Docket No. 19 (Federal Express).

---

[1] Debtors have also filed a motion for sanctions against Allied Interstate. Docket No. 7. However, that motion and it is not currently before the Court.

MEMORANDUM OF DECISION - 3

## Disposition

### A. Were there violations of the automatic stay?

Section 362(a) of the Bankruptcy Code states that "a petition filed under [title 11 of the United States Code] . . . operates as a stay, applicable to all entities, of . . . any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(6). This automatic stay of collection activities against a debtor terminates as soon as (1) the bankruptcy case is closed, (2) the case is dismissed, or (3) in the case of an individual debtor proceeding under Chapter 7, at the time a discharge is granted or denied. 11 U.S.C. § 362(c)(2); *Assocs. Fin. Servs. Co. of Idaho v. First Fed. Sav. & Loan Ass'n (In re Franck)*, 91 I.B.C.R. 208, 209–10 (Bankr. D. Idaho 1991).

With respect to the motions for sanctions against UPS, Mr. Haines, and Federal Express, there was no stay in effect at the time the collection letters were sent to Debtors because their discharge had been entered. Therefore, the letters did not violate the automatic stay. *See In re Wagner*, 87 B.R. 612, 618 (Bankr. C.D. Cal. 1988). For this reason, Debtors' motions must be denied as to these creditors.[2]

---

[2] Creditors' actions may have violated the discharge injunction of 11 U.S.C. § 524, but the Court does not reach that issue because Debtors' motion is founded upon

MEMORANDUM OF DECISION - 4

AO 72A
(Rev. 8/82)

However, NCO did send a collection letter while the automatic stay was in effect. This is an obvious violation of the Bankruptcy Code. *See, e.g., In re Chavis*, 213 B.R. 462, 463–64 (Bankr. E.D.N.C. 1997) (noting a post-petition, pre-discharge demand letter sent by a creditor violated § 362(a)). Moreover, because it appears NCO had notice of Debtors' bankruptcy filing, and it undertook a voluntary act that in fact violated the stay, NCO committed a willful violation of § 362(a). *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002) (discussing what constitutes a willful violation); *In re Jacobson*, 03.2 I.B.C.R. 119, 121 (Bankr. D. Idaho 2003).

Debtors argue AT&T is responsible for the willful violation of § 362(a) by NCO, its collection agent. However, recall neither AT&T, nor NCO for that matter, bothered to appear at the hearing on Debtors' motions or otherwise address any of Debtors' allegations.[3] Thus, the Court must proceed on the record as it exists, even though it was established solely by Debtors. *See In re Eash*, 225 B.R. 489, 490–91 (Bankr. D. Idaho 1998) (relying on the record established by the

---

§ 362(h), which clearly provides no remedy for violation of the bankruptcy discharge.

[3] The Court acknowledges that on August 10, 2004, a full week after the Court took this matter under advisement, NCO filed a "Motion and Memorandum to Dismiss" and other papers in support of the motion. Docket Nos. 30, 31, 33. NCO's motion requests that the Court dismiss Debtors' motion for sanctions against it because Debtors did not give NCO proper notice. Given the outcome of Debtors' motion for sanctions against NCO, the Court will deny NCO's motion to dismiss as moot.

MEMORANDUM OF DECISION - 5

debtors when the creditors failed to appear or oppose the debtors' motion for sanctions under § 362(h)).

According to the motion and the affidavit of Debtors' counsel accompanying it, Docket Nos. 10, 11, Debtors allege AT&T should be legally responsible for the willful stay violation of NCO simply by virtue of their agency relationship. While there is some legal support for this conclusion, it is not universally accepted. *Compare In re Withrow*, 93 B.R. 436, 438 (Bankr. W.D.N.C. 1998) (imputing notice to the collection agent to the creditor-principal and holding the creditor liable for the willful § 362(a) violation by the agent), *with In re Atlas Mach. & Iron Works, Inc.*, 239 B.R. 322, 333–35 (Bankr. E.D. Va. 1998) (discussing why a principal may not be liable for the stay violation of an agent).

Here, the Court declines to adopt a particular view on the issue because AT&T has not objected to Debtors' motion. In the absence of any effective opposition by AT&T, the Court will grant Debtors' motion as to AT&T for violation of the automatic stay, notwithstanding that it may not have had notice of Debtors' bankruptcy and may not have directed NCO's actions or ratified them later. If AT&T can disprove Debtors' allegations, then upon proper motion, notice and hearing, the Court may be willing to reconsider its ruling in this regard.

MEMORANDUM OF DECISION - 6

AO 72A
(Rev. 8/82)

### B. Calculating damages.

Section 362(h) of the Bankruptcy Code states: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). The burden of proving damages is on Debtors. *In re Jacobson*, 03.2 I.B.C.R. at 121; *In re Wiersma*, 03.1 I.B.C.R. 42, 44 (Bankr. D. Idaho 2003).

Even though the Court concludes that two of the creditors are guilty of stay violations, the record in this case is completely insufficient to allow the Court to award any actual damages or attorney fees to Debtors. Debtors did not testify, nor did they provide any other competent proof, that they sustained actual damages as a result of their receipt of the demand letter. *See Eskanos & Adler, P.C. v. Roman (In re Roman)*, 283 B.R. 1, 8–9 (B.A.P. 9th Cir. 2002) (basing § 362(h) damages on the debtor's declaration). During argument at the hearing, in response to the Court's questioning about the adequacy of the proof, Debtors' attorney suggested Debtors incurred travel costs in coming to counsel's office to discuss these matters. While this type of pecuniary injury, though surely small in amount, is likely compensable under § 362(h), *see id.*, it is compensable only if proven. There is no evidence in the record to support an award, even a small one.

MEMORANDUM OF DECISION - 7

Regarding attorney fees and costs, counsel did not provide the Court with any proof of the amount of fees and costs his clients incurred in pursuing these motions, choosing instead to "leave the matter to the discretion of the Court." Of course, it would be a clear error if the Court awarded damages without any competent evidence in the record as to the extent of the injury or the amount necessary to redress it. The Court declines to simply guess. *See Roman*, 283 B.R. at 11 (discussing the need for the record to substantiate an award of attorney fees under § 362(h)).

With respect to Debtors' request for punitive damages, in *McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 168 (B.A.P. 9th Cir. 1995), the B.A.P. held that "no punitive damages should be awarded in the absence of actual damages . . . ." The Panel noted that not every stay violation should result in punishing the offender because some violations are minor and technical in nature, and there may be little need to deter future violations. *Id.* at 169. Further, it is difficult to identify the correct measure for imposing punitive damages where no actual damages have been proven or sustained. *Id.*

In this case, the lack of proof of any actual damages precludes an award of punitive damages. And even if the Court were to consider punitive damages, several factors mitigate in favor of the offending parties. First, the

MEMORANDUM OF DECISION - 8

record reflects but a single violation, rather than a pattern of violations. Second, there is no indication that future violations are likely to occur. Third, Debtors and their attorney apparently made no attempt to resolve the problem directly with NCO or AT&T prior to filing the motions for sanctions. The Court disdains the unwise use of sanctions under § 362(h) as a sword instead of a shield. *Id.* at 168–69 ("The automatic stay afforded by section 362 is intended to be a shield protecting debtors and their estates, and should not be used as a sword for their enrichment."). For these reasons, the Court will not award punitive damages.

## Conclusion

The Court will deny Debtors' motions for sanctions against UPS, Mr. Haines, and Federal Express. No action by any of these parties or their agents violated the automatic stay because it was not in effect at the time the collection letters at issue were sent.

AT&T, as the principal, and NCO, as the collection agent, are both guilty of a willful violation of 11 U.S.C. § 362(a). But the Court declines to award Debtors damages because the record is insufficient to prove they suffered any actual damages, nor is there any sort of competent proof regarding their claims for recovery of attorney fees and costs. As a result, Debtors' motions for sanctions against AT&T and NCO will also be denied.

MEMORANDUM OF DECISION - 9

However, the Court admonishes AT&T and NCO for failing to abide by federal law; each also deserves criticism for failing to timely respond to Debtors' motions, or to appear at the hearing.

A separate order will be entered.

DATED This 19th day of August, 2004.

JIM D. PAPPAS
U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 10

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served by the method indicated below, a true copy of the document to which this certificate is attached, to the following named person(s) at the following address(es), on the date shown below:

>Office of the U.S. Trustee
>jeff.g.howe@usdoj.gov
>gary.mcclendon@usdoj.gov
>
>**Via Email**
>
>Kelly I. Beeman, Esq.
>Beeman Law Offices
>710-1/2 W. Franklin, Suite 201
>Boise, Idaho 83702
>
>AT&T
>P. O Box 2971
>Omaha, NE 68103
>
>Federal Express
>P. O. Box 1140
>Memphis, TN 38101
>
>Todd F. Haines, Esq.
>P. O. Box 7000
>Tarzana, CA 91357
>
>United Parcel Service
>P. O. Box 894820
>Los Angeles, CA 90189
>
>CT Corporation System
>Registered Agent for AT&T, Federal Express and UPS
>300 N. 6th St.
>Boise, Idaho 83702

MEMORANDUM OF DECISION - 11

Kevin J. Scanlan, Esq.
P. O. Box 1271
Boise, Idaho 83701

**Via U.S. Mail**

Note re E-mail service: A ".pdf" version of the above decision/order was electronically transmitted to the parties indicated above. Email service is provided as a courtesy only upon request of a party. To review an electronic image of the original of this document, or to subscribe for email service of future decisions/orders from the Bankruptcy Judges, please access the Court's Internet web site, www.id.uscourts.gov.

CASE NO.: 03-04624                               CAMERON S. BURKE, CLERK
                                                 U.S. BANKRUPTCY COURT

DATED:    8/19/04                                By Sylvia Wirth, Deputy Clerk

MEMORANDUM OF DECISION - 12

AO 72A
(Rev. 8/82)